**STATE of Missouri ex rel. Kenneth L. PATE, Relator/Appellant,**

v.

**Madison County Presiding Commissioner Robert MOONEY, Commissioner Don Myers, Commissioner Terry Hovis, and Treasurer Kay Rehkop, Respondents/Respondents.**

**No. ED 76481.**

Missouri Court of Appeals, Eastern District, Southern Division.

July 25, 2000.

---

Morry S. Cole, St. Louis, for Appellant.

Medford Dwignt Robbins, Fredericktown, for Respondent.

### SHERRI B. SULLIVAN, Judge.

Kenneth L. Pate ("Pate"), Madison County Public Administrator, appeals from a judgment denying Pate's Petition for Writ of Mandamus/Prohibition filed against Madison County Commissioners Robert Mooney, Don Myers, and Terry Hovis and Madison County Treasurer Kay Rehkop ("Respondents"). Pate asserts that the Salary Commission of Madison County ("Commission") has failed to properly compensate him pursuant to the statutory compensation scheme set forth in Sections 50.333 and 473.739.[1] We reverse and remand.

In October 1993, the Commission met pursuant to Section 50.333 for the purpose of evaluating the elected officials' salaries and making adjustments where necessary. The prosecuting attorney suggested that the Commission bring the county salaries into compliance with the statutes which state that every officeholder should have the "same percentage as cap." In order to comply with the statutes, by a vote of eight to one, the Commission approved a motion to raise the salaries of all county officials to 100% of the maximum allowable compensation and then to lower the salaries of all county officials to 85% of the maximum allowable compensation.

In October 1995, again meeting pursuant to Section 50.333, the Commission unanimously approved the following motions: (1) to raise the salaries of the assessor, sheriff, coroner and public administrator to 100% of the maximum allowable compensation; (2) to lower the salaries to 85% of the maximum allowable compensation; and (3) to set the public administrator's and coroner's salaries at $6,000.

Since taking office January 1, 1997, Pate has received $5,100 annually, or 85% of $6,000. Additionally, in each calendar year since taking office, Pate has completed at least twenty hours of classroom instruction relating to the operations of the public administrator's office. Further, Pate has never received fee compensation in excess of $25,000 per year.

Pate filed a Petition for Writ of Mandamus/Prohibition seeking to have Respondents ordered to perform their duties as established by duly passed motions of the Commission and to have Respondents ordered to refrain from following illegal motions passed by the Commission and acting *sua sponte* to set the public administrator's salary. The trial court issued a Preliminary Order in Mandamus/Prohibition. However, after a hearing on the merits, the trial court denied the petition.

█ In a court-tried case, we will affirm the judgment of the trial court unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

---

1. Unless otherwise indicated, all statutory references to Section 50.333 are to RSMo Supp. (1995) and all statutory references to Section 473.739 are to RSMo Supp. (1996).

■ Although Pate divides his appeal into two points, his argument is essentially the same for both points. Pate argues that the trial court erred in denying his Petition for Writ of Mandamus/Prohibition because the Commission has failed to properly compensate him pursuant to the statutory compensation scheme set forth in Sections 50.333 and 473.739 by singling out the public administrator for a salary reduction and by undercompensating him because the sections require that all county officials be compensated in an equal percentage of the statutory salary cap for each office.

Section 50.333 provides in relevant part:

7. For the year 1989 and every second year thereafter, the salary commission shall meet in every county as many times as it deems necessary... for the purpose of determining the amount of compensation to be paid to county officials. ... The salary commission shall... consider the compensation to be paid for the next term of office for each county officer to be elected at their next general election. ... If the salary commission votes to increase the compensation, all officers or offices whose compensation is being considered by the commission at that time shall receive the same percentage of the maximum allowable compensation.

12. The term "maximum allowable compensation" as used in this section means the highest compensation which may be paid to the specified officer or office in the particular county based on the salary schedule established by law for the specified officer or office.

Section 473.739 provides in relevant part:

1. Each public administrator... who does not receive at least twenty-five thousand dollars in fees as otherwise allowed by law shall receive annual compensation of four thousand dollars and each such public administrator who does not receive at least forty-five thousand dollars in fees may request the county salary commission for an increase in annual compensation and the county salary commission may authorize an additional increase in annual compensation not to exceed ten thousand dollars.

2. Two thousand dollars of the compensation authorized in this section shall be payable to the public administrator only if he has completed at least twenty hours of classroom instruction each calendar year relating to the operations of the public administrator's office when approved by a professional association of the county public administrators of Missouri....

In denying Pate's Petition for Writ of Mandamus/ Prohibition, the trial court found the following: (1) the enabling statute for establishment of compensation for the public administrator is different than that of other county offices in that Section 473.739 does not provide a schedule as to salary beyond $4,000 and authorizes, but does not mandate, additional salary not to exceed $10,000; (2) Section 473.739 authorizes the Commission to increase the public administrator's salary and that such increase is strictly permissive; (3) the legislative intent as to Section 473.739 was to allow the Commission to determine the salary of the public administrator within the range of $4,000 to $14,000 subject to the qualification therein contained; and (4) the Commission acted properly by "establishing" the permissive public administrator's salary and then applying the 85% to all county officials including the public administrator.

Recently, the Court of Appeals Western District interpreted Sections 50.333 and 473.739 in *Habjan v. Earnest*, 2 S.W.3d

875 (Mo.App. W.D.1999).[2] The court found that, read separately, Sections 50.333.7 and 473.739.1 are not ambiguous on their face, and thus statutory construction is unnecessary. *Id.* at 881–883. However, the court concluded that, when read together to determine the compensation of public administrators, the sections do irreconcilably conflict such that the "maximum allowable compensation" provision in Section 50.533.7 is inapplicable in determining the amount of annual compensation to be paid to public administrators. *Id.* at 883.

The court found two irreconcilable conflicts between the sections. First, Section 473.739.1 is the only county officer compensation statute that does not contain a well-delineated "salary schedule" and that vests discretion in the county salary commission to set the public administrator's salary within a specified range of acceptable compensation. *Id.* Second, Section 473.739.1 is the only county officer compensation statute that requires a request by the county officer for increased compensation. *Id.* at 884. Thus, Section 473.739.1 does not allow for the determination of the "maximum allowable compensation" for public administrators as provided under Section 50.333.7. The court assumed that the legislature intended these differences in the statutes because on several occasions the legislature amended the statutes while maintaining the differences. *Id.* Therefore, the court held that Section 473.739.1 creates an independent method for determining the amount of annual compensation to be paid to public administrators. *Id.*

The court further interpreted Section 473.739.1 as providing three classifications of public administrators for the purpose of determining their annual compensation from the county. *Id.* at 883. The first classification includes those public administrators who receive less than $25,000 in fees for the year in question. *Id.* With respect to these individuals, the statute provides guaranteed annual compensation of $4,000 and also allows the individuals to request the salary commission to authorize an additional $10,000 in compensation. *Id.*[3] Pate has never received fee compensation in excess of $25,000 per year, and thus this classification applies here.

The section is silent as to when the request for additional compensation by the public administrator is to be made. However, because the requested compensation allowed under the statute is contingent on the public administrator receiving less than a stated amount in fees for the calendar year, logically, the request must be made by the public administrator after completion of the calendar year or years for which compensation is being requested and considered by the salary commission at the next regularly scheduled meeting. *Id.* at 885–886. This interpretation of Section 473.739.1 does not conflict with Section 50.333.7 to the extent that it requires the salary commission to meet in odd numbered years for the purpose of determining the amount of compensation to be paid to county officials. *Id.* However, the interpretation does irreconcilably conflict with Section 50.333.7 to the extent that it requires consideration of compensation to be paid for the next term of office. *Id.* at 886. The more specific of two irreconcilable statutes concerning the same subject matter will control over the more general. *Greenbriar Hills Country Club v. Director of Revenue,* 935 S.W.2d 36, 38 (Mo. banc

---

**2.** The Court of Appeals Southern District also recently interpreted Sections 50.333 and 473.739 in *Cantwell v. Douglas County Clerk,* 988 S.W.2d 51 (Mo.App. S.D.1999).

**3.** The second classification includes those public administrators who receive more than $25,000 in fees, but less than $45,000. With respect to these individuals, the statute pro-

vides that they may request the salary commission to authorize additional compensation totaling $14,000. The third classification includes those public administrators who receive more than $45,000 in fees. The statute does not provide or allow any annual compensation from the county for this group. *Habjan,* 2 S.W.3d at 883.

1996). Thus, because Section 473.739.1 is more specific than Section 50.333.7, the above interpretation of Section 473.739.1 controls.

Accordingly, we agree with the Western District's interpretation of Sections 50.333 and 473.739. Because the sections are irreconcilably in conflict, the "maximum allowable compensation" provision in Section 50.533.7 is inapplicable in determining the amount of annual compensation to be paid to public administrators, and we will apply Section 473.739.1.

Pate testified that he met with the commissioner several times, talked with the prosecuting attorney a couple of times, and sent a letter requesting the proper compensation. However, the record on appeal does not indicate when these requests were made, the calendar year(s) for which they were made, or whether the Commission considered these requests at its 1999 meeting. Thus, we reverse the judgment of the trial court and remand with directions for the trial court to receive and consider the minutes from the 1999 Commission meeting and to render a judgment based on this evidence and consistent with this opinion.

RICHARD B. TEITELMAN, P.J. and LAWRENCE E. MOONEY, J., concur.